UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:19-CR-187-TAV-JEM-3 ) |
| CAMMEA P. DURFIELD, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's *pro se* motion for compassionate release [Doc. 284]. The United States has filed a response [Doc. 317]. Federal Defender Services of Eastern Tennessee ("FDSET") filed a supplement to defendant's motion [SEALED Doc. 314]. For the reasons discussed, defendant's motion for compassionate release [Doc. 284] along with FDSET's supplement to the motion [SEALED Doc. 314] are **DENIED**.

**I.     Background**

On March 26, 2021, defendant pleaded guilty to the lesser included offense of Count One of the superseding indictment charging her with conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Docs. 148, 172]. Defendant was sentenced to a term of imprisonment of 30 months, followed by a term of supervised release of two years [Doc. 252, pp. 2–3]. Defendant was also assessed a $100 special assessment [*Id.* at 6].

At the time defendant filed her motion, she was housed at FPC Alderson. Now, defendant has been transferred to RRM Detroit, a residential reentry program, and is scheduled for release on July 5, 2023. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 8, 2023). Defendant requests that the Court reduce her sentence to time-served or, in the alternative, order that she serve the remainder of her sentence on home confinement and/or supervised release [SEALED Doc. 314, p. 1]. In support, defendant contends that her daughter's medical conditions and unstable living environment along with defendant's dedication to rehabilitation during incarceration constitute extraordinary and compelling circumstances that support compassionate release [*Id.*].

**II.     Legal Standard**

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now, a court may modify a defendant's sentence upon a motion by a defendant if the defendant has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

2

behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

3

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (alterations in original) (citations and footnotes omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.  Analysis

#### A.  Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The government and defendant dispute whether defendant has satisfied the exhaustion requirement [SEALED Doc. 314, pp. 1–2; Doc. 317, pp. 3–4]. However, the Court finds it unnecessary to address this issue because, as discussed *infra*, the § 3553(a) factors weigh against compassionate release. *See United States v. Jackson*, No. 19-cr-20396, 2022 WL 107577, at *5 (E.D. Mich. Jan. 11, 2022) (declining to address

4

whether the defendant satisfied the exhaustion requirement because his motion failed on the merits); *see also United States v. Vargas*, 854 F. App'x 70, 70 (7th Cir. 2021) (stating that a district court may deny a motion for compassionate release on the merits in lieu of addressing the exhaustion requirement).

### B. Section 3553(a) Factors

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this instance, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether defendant has satisfied the extraordinary and compelling reasons prong of the analysis. Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (alterations in original) (citation omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a)(2). 18 U.S.C. § 3553(a); *Pepper v. United States*, 562 U.S. 476, 491 (2011). To this end, § 3553(a) directs the court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a); *see also Pepper*, 562 U.S. at 491.

5

The Court begins with the criminal conduct at issue in this case. The revised presentence investigation report indicates that between September 1, 2019, and October 22, 2019, defendant was engaged in a conspiracy to distribute and possess with intent to distribute heroin and fentanyl for a drug trafficking organization [Doc. 233, ¶ 13]. Defendant was a distributor of drugs for the organization for approximately one month, obtaining drugs from leaders of the organization and distributing to numerous local customers up to 15 grams of heroin and/or fentanyl per day [*Id.*].

The Court has considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id*.

The Court notes the seriousness of the offense in this case, where defendant actively participated in a drug trafficking organization and distributed heroin and fentanyl to local customers on a daily basis for approximately one month. The Court recognizes that while in custody, defendant had only one disciplinary sanction and took advantage of the classes and opportunities available to her at FPC Alderson [*See* SEALED Doc. 314-1, pp. 2–3]. The Court also recognizes her risk of recidivism and her satisfaction of all outstanding traffic warrants and fines in Detroit, Michigan [*Id.* at 1, 11–13]. However, the Court finds

6

that these factors do not outweigh the other sentencing factors as discussed. Thus, the Court finds the § 3553(a) factors weigh against compassionate release.

As noted above, defendant was sentenced to a term of imprisonment of 30 months, and she is due to be released July 5, 2023, approximately four months from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate.").

In this instance, at the time the government filed its response, defendant had served approximately 13 months of her sentence at FPC Alderson and had approximately seven months left to serve due to good-time credits and participation in the Residential Drug Abuse Program ("RDAP") [Doc. 317, p. 6; Doc. 317-1]. Defendant has since been transferred to RRM Detroit, a residential reentry program. She has served approximately 16 months of her sentence and has approximately four months left to serve. With a total offense level of 23 and a criminal history category of I, defendant's guideline range was 46 to 57 months' imprisonment [Doc. 233, ¶ 76]. However, the Court ultimately imposed a below-the-guidelines sentence of 30 months' imprisonment [Doc. 252, p. 2]. Thus, for a drug offense that ordinarily requires a 60-month minimum sentence [Doc. 233, ¶ 75], defendant received a 30-month sentence, a little over one half of which she has served.

7

Thus, the Court finds that the amount of time defendant has served does not weigh in favor of compassionate release.

In addition, the Court notes that while on pretrial release pending sentencing, defendant repeatedly tested positive for fentanyl in violation of her conditions of pretrial release [SEALED Doc. 223, p. 2]. Although defendant claims that she has taken proactive steps towards self-improvement and rehabilitation, the Court finds that in light of these prior violations, defendant would benefit from completing the full length of her sentence. Completion of her sentence would ensure protection of the public from future crimes of defendant and provide her with needed correctional treatment in order to properly care for her daughter once released from custody.

The Court notes that defendant's daughter suffers from a serious form of brain cancer, which requires numerous trips to the doctor and approval from defendant for certain treatments and procedures. The Court also notes that defendant is her daughter's primary caregiver and relies on her mother and other family members to take care of her daughter's needs while she is incarcerated. However, while the Court is sympathetic to defendant's situation, the Court cannot say that this factor warrants compassionate release. *See United States v. Williams*, No. 1:17-cr-103, 2020 WL 3502819, at *3 (S.D. Ohio June 29, 2020) ("Incarcerated people commonly leave innocent partners, parents, and children to fend for themselves as a result of criminal conduct."). As the government points out, defendant has identified her mother and "several individuals within her family" who are currently caring and providing for her daughter [Doc. 284, p. 3]. Although it may be difficult or undesirable

8

for defendant's mother to continue to care for her daughter, neither defendant nor her mother have presented evidence that she is unable to continue doing so [*Id.* at 2–3; SEALED Doc. 314-1, p. 6].

In reaching this decision, the Court has considered the parties' filings, the revised presentence investigation report, the § 3553(a) factors and other relevant law, and the record as a whole. On the record before the Court, the sentencing factors weigh against early release.

### IV. Conclusion

For the foregoing reasons, defendant's motion for compassionate release [Doc. 284] along with FDSET's supplement to the motion [SEALED Doc. 314] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE